IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DORETHA HABERSHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-068 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Doretha Habersham ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I. BACKGROUND

Plaintiff protectively applied for DIB and SSI on July 17, 2006, alleging a disability onset date of January 1, 2006. Tr. ("R."), pp. 64-65. The Social Security Administration denied Plaintiff's applications initially, R. 79-82, and on reconsideration, R. 84-90. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a

hearing on August 5, 2009. R. 21-61. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel,[1] as well as a Vocational Expert. See id. On August 19, 2009, the ALJ issued an unfavorable decision. R. 68-78.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 1, 2006 (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant has the following severe impairments: status-post cervical discectomy and anterior cervical disc fusion for herniated nucleus pulposus at the C5-6 level, October 2006, with mild degenerative changes at C3-4 and C4-5 levels and osteophytes at C4-5; cervical spondylosis, status post C5 corpectomy and reconstruction, October 2008; and obesity (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925, & 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform medium work[2] except that she is limited to occasional overhead reaching with the right upper extremity. In light of her RFC, the claimant is capable of performing her past relevant work as a nurse assistant and server (20 C.F.R. §§ 404.1565 & 416.965).

R. 73-77.

Because the ALJ determined that Plaintiff could perform her past relevant work, the

---

[1] Although she is proceeding *pro se* in the instant action, Plaintiff was represented by counsel during the underlying administrative proceedings.

[2] "Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) & 416.967(c).

2

sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from January 1, 2006, through August 19, 2009 (the date of the decision). R. 78. When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision.

Contrary to the Court's instructions (see doc. no. 7, pp. 1, 3), Plaintiff has neither cited authority in support of her position nor specifically stated the issues presented for review. However, giving a liberal construction to Plaintiff's *pro se* brief, the Court concludes that Plaintiff is arguing that the ALJ erred in his RFC assessment in that he failed to properly evaluate Plaintiff's subjective complaints of pain and did not find that her impairments caused additional exertional and non-exertional limitations. (See doc. no. 12 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's applications for benefits was supported by substantial evidence and should be affirmed. (See doc. no. 13 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not

3

decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the

decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

As noted above, Plaintiff argues that the ALJ erred in his RFC assessment in that he failed to properly evaluate Plaintiff's subjective complaints of pain and did not find that her impairments caused additional exertional and non-exertional limitations. See Pl.'s Br., p. 1. In particular, she asserts that the pain caused by her impairments prevents her from working. She also states that, contrary to the ALJ's RFC assessment, she "can't do any lifting, bending, squatting, standing, reaching, walking to[o] far, sitting not to[o] long, kneeling, or stair-climbing at all." Id. The Commissioner argues that substantial evidence supports the ALJ's RFC assessment, including his evaluation of Plaintiff's pain and his findings regarding her physical limitations. See Comm'r's Br., pp. 5-13. The Commissioner has the better argument.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

5

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[3] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005).

Here, rather than specifying any deficiency in the ALJ's credibility determination, Plaintiff merely asserts, in a conclusory fashion, that she can no longer work because of her pain. Pl.'s Br., p. 1. However, the ALJ's written decision clearly reflects that the Holt analysis was appropriately followed when reaching the conclusion that, although Plaintiff had medically determinable impairments that could reasonably be expected to produce the symptoms alleged by Plaintiff, her allegations as to the intensity, duration, and limiting effects of those symptoms were not entirely credible. R. 76-77.

In reaching this conclusion, the ALJ noted that Plaintiff's medical records showed frequent complaints of neck, shoulder, and arm pain. R. 77. However, the ALJ concluded that Plaintiff's complaints of pain were not consistent with the "documented impression" of

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

her long-term treating orthopedic surgeon, Dr. Robert L. Brand, whose treatment notes indicate that multiple tests from January to August of 2007 showed her right shoulder to be normal and revealed no pathology that would explain her complaints of right upper extremity pain. R. 77, 371, 393-94, 409, 468, 550, 620, 635. The ALJ specifically noted Dr. Brand's comment that Plaintiff's alleged symptoms, including her pain, were "somewhat confusing on a clinical basis," as well as his notation that claimant's arm pain was "mysterious." R. 77 (citing Exs. 14F & 17F).

The ALJ also noted Plaintiff's multiple surgical procedures, including a C5 corpectomy and reconstruction procedure in October of 2008. R. 75-77. The ALJ specifically discredited Plaintiff's testimony that the October 2008 procedure was unsuccessful and left her with significant pain because Dr. Haroon Choudhri, her treating neurosurgeon, noted that Plaintiff reported in January of 2009 that she was "extremely pleased" and felt "100% better" in her arm. R. 77 (citing Ex. 27F).

The ALJ also noted that Plaintiff's testimony was inconsistent in that she initially reported pain only in her right arm but later stated that she suffered pain in both arms, with the right arm worse than the left. R. 77. Furthermore, the ALJ pointed to a number of medical records confirming that "multiple doctors over a period of time repeatedly reported normal physical examination findings and only musculoskeletal pain." R. 77 (citing Exs. 14F-15F, 17F-27F).

In short, in accordance with the requirements of Holt, the ALJ sufficiently explained his reasons for discounting Plaintiff's subjective complaints. The ALJ's credibility determination was based on the record as a whole, and he adequately articulated the basis for

his determination in his written decision. The ALJ reviewed Plaintiff's medical records and properly considered Plaintiff's own testimony regarding her complaints of pain and other symptoms under the Holt standard. Plaintiff's conclusory assertion that her pain precludes her from working is plainly insufficient to justify departing from the ALJ's clearly articulated credibility findings, which are supported by substantial evidence and therefore may not be disturbed by a reviewing court. See Foote, 67 F.3d at 1562.

Plaintiff also misses the mark with her assertion that the ALJ should have found that her impairments caused additional physical limitations. As noted previously, while the ALJ found that Plaintiff is limited to medium work with an additional limitation of only occasional overhead reaching with her right arm, Plaintiff alleges – again, in a conclusory fashion – that she is unable to perform "any lifting, bending, squatting, standing, reaching, walking to[o] far, sitting not to[o] long, kneeling, or stair-climbing at all." Pl.'s Br., p. 1.

Whereas Plaintiff points to no evidence in support of the extreme limitations she alleges, the ALJ's discussion of the medical evidence shows substantial support for his RFC finding. In addition to the previously discussed evidence, the ALJ noted that following an October 2006 surgical procedure for herniated nucleus puoposus, she was encouraged to walk and reported that the procedure completely relieved her left upper extremity symptoms. R. 74, 333, 364, 369, 432, 467. Moreover, the ALJ noted that multiple physical examinations indicated that Plaintiff had full motor strength in her extremities with full range of motion, no sensory deficits, and normal reflexes, muscle tone, and bulk. R. 75 (citing Exs. 14F-16F, 18F-19F).

In addition, in conducting his RFC assessment, the ALJ cited the reports of state agency physicians, who reviewed Plaintiff's medical records and opined that her impairments would allow her to perform medium work with an additional limitation to frequent reaching. R. 77, 335-338, 374-76. As the Commissioner persuasively argues, see Comm'r's Br., p. 9, while the ALJ imposed a more restrictive reaching limitation in order to give Plaintiff "the greatest benefit of the doubt," R. 77, the state agency physicians' uncontroverted opinions are both supported by objective medical evidence and consistent with the record as a whole.

In sum, the ALJ's opinion, including his RFC assessment, is supported by substantial evidence, and Plaintiff's conclusory allegations of pain and additional physical limitations fail to demonstrate any error that would justify reversal of the unfavorable decision. Because the ALJ's determinations are supported by substantial evidence, the final decision of the Commissioner should be affirmed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this ___ day of _June_, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE